[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11081
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 24, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00010-JTC-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO HERNANDEZ-SOLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 24, 2010)

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Marco Hernandez-Solis appeals his 38-month sentence, imposed after pleading

guilty to illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) & (b)(2).

On appeal, Hernandez-Solis argues that his sentence was procedurally and substantively unreasonable. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Rather, "[t]he sentencing judge should set forth enough to

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation and brackets omitted). We will remand for resentencing only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1191 (citation and internal quotation omitted).

Further, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."

3

Talley, 431 F.3d at 788. Another indicator of reasonableness is the relationship between the defendant's sentence and the applicable statutory maximum. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (noting, as one indication of reasonableness, that a defendant's sentence was "well below" the applicable statutory maximum), cert. denied, 129 S.Ct. 2848 (2009). The burden is on the defendant to show that the sentence was unreasonable in light of the record and the § 3553(a) factors. Talley, 431 F.3d at 788.

Hernandez-Solis has failed to show that his sentence was procedurally unreasonable. As we've noted, the district court was not obligated to explicitly articulate that it considered the § 3553(a) factors, nor was it required to discuss each factor so long as it considered the factors in some manner. As the record shows, the district court explicitly stated that it thought "a sentence within the guideline range is reasonable, considering the criminal record, the previous criminal history, and Mr. Hernandez's re-entry after the previous conviction." Moreover, the parties' arguments and the court's reference to Hernandez-Solis's history and characteristics set forth enough to demonstrate that the court considered the § 3553(a) factors, and that it did not treat the Guidelines as mandatory. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that despite failing to cite § 3553(a), the district court evaluated the statutory factors because it considered appellant's

objections, his motion for a downward departure, and the PSI, all of which implicated several of the factors).

Hernandez-Solis also has not shown that his sentence was substantively unreasonable. Hernandez-Solis's self-characterization as a non-malignant, hard-working, safety-conscious parent has not demonstrated that the district court made a clear error of judgment in imposing a sentence near the low-end of the guidelines range, especially in light of the court's concern for Hernandez-Solis's criminal past and recidivism. The reasonableness of the sentence is further supported by the fact that the sentence fell within the guidelines range and was well below the statutory maximum of 20 years' imprisonment. See Gonzalez, 550 F.3d at 1324; Talley, 431 F.3d at 788.

**AFFIRMED.**